JOHN M. FLINT, administrator, &c. agt. RICHARD H. MOREHOUSE.

*Time* obtained for the purpose of *surrejoining* is also *time* to *demur.*

An order granted for further time to *surrejoin* and plaintiff's attorneys *demurred* to the defendant's joinder instead of surrejoining; defendant's attorney refused to receive the *demurrer* on the ground that the order only gave time to *surrejoin,* and entered plaintiff's default for not surrejoining. The default held to be irregular, and was with the subsequent proceedings set aside with costs.

In *law,* time to *plead* is also *time* to *demur.* A *surrejoinder* is a *pleading.*

*June Term,* 1846.

MOTION by plaintiff to set aside default and subsequent proceedings, for irregularity, for not surrejoining; and for leave to put in a demurrer.

Flint agt. Morehouse.

[*174] . *The action was assumpsit; declaration contained · the common counts for work and labor, goods sold and delivered, board, lodging, and other necessaries furnished, &c. Defendant pleaded the statute of limitations and infancy together with the general issue, and gave notice (under the latter plea) of set-off. To the plea of the statute of limitations plaintiff replied, *first*, that the defendant was absent from the state, and this suit was brought within six years after his first return therein; *second*, a new promise; to the pleas of infancy, plaintiff replied that the goods furnished, &c., were necessaries, and had entered a *nolle prosequi* as to the count for "account stated" and "money lent and advanced" and "had and received." To the first replication of the plaintiff the defendant had in substance rejoined, that at the time when the alleged causes of action in the declaration mentioned accrued, the intestate, Richard R. Hall, and the defendants were inhabitants of the state of New-Jersey and not elsewhere, that the indebtedness of the defendant to Hall arose in the state of New-Jersey, and not elsewhere, whilst they were residents of that state. That said Hall continued to be and remain such resident of the state of New-Jersey until he died, and that the defendant remained a resident of the said state until the said causes of action were, by the laws of the state of New-Jersey, effectually and for ever released and discharged; and for a long time thereafter, to wit, until the time of his return into this state as alleged in the plaintiff's replication, with an *absque hoc* as to the defendant's return with a said last named day; concluding with a verification. That to the other replications of the plaintiff, the defendant tendered an issue to the country. One of plaintiff's attorneys stated that the pleadings in the cause had been voluminous and intricate, and had required a great degree of care and attention in their preparation. The defendant's attorney obtained thirty days' time beyond that allowed by the rules of the court to rejoin to the plaintiff's replications, and when the rejoinder of defendant with a notice to surrejoin indorsed thereon were received by plaintiff's attorneys, they were engaged in the trial of, and

Flint agt. Morehouse.

attention to causes in the New-York and Brooklyn circuits; before the expiration of the time to surrejoin, plaintiff's attorneys obtained an order from Judge EDMONDS, for thirty days' further time to surrejoin, and served a copy on defendant's attorney, that having only hastily examined the rejoinders without having decided upon what kind of reply should be made to them, and not having had an opportunity to confer with the counsel in the cause, plaintiff's attorneys intended by the order to get leave to reply thereto *by [*175] way of demurrer, as well as by a technical surrejoinder, and supposed that they had done so; before the expiration of the time granted by the order, a demurrer to the first rejoinder of the defendant was prepared and served on defendant's attorney, who declined to receive it; and on the 30th day of April last entered plaintiff's default for not surrejoining to the first rejoinder; before the entry of the default, defendant's attorney returned the copy demurrer with a notice that he declined receiving it, and the plaintiff's attorneys again sent it to defendant's attorney, with a notice that they considered it pleaded pursuant to the rules and practice of this court. Plaintiff's attorneys stated that the demurrer was put in in good faith, and that a technical surrejoinder could not be well pleaded to the defendant's rejoinder or any other answer more, except by demurrer, so that justice might be done by this court to the plaintiff. A copy of the demurrer was annexed to the moving papers.

G. R. J. BOWDOIN, *plaintiff's counsel.*
WOODRUFF & GOODMAN, *plaintiff's attorneys.*
D. McMARTIN, *defendant's counsel.*
J. H. RATHBONE, *defendant's attorney.*

Defendant's counsel insisted that *time given to surrejoin was* NOT *time to demur.*

JEWETT, Justice. Held that it was clear that the default was irregular; in *law*, *time* given to *plead* is *time* to *demur*, and so as to *surrejoinder, that* is a *pleading.* Motion granted with costs, and ten days given to plaintiff to serve demurrer.